**CAFFEE v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENG.**

(District Court, S. D. Florida. December 4, 1922.)

**Insurance ⬤⟹640(2)—Pleas in action on life policy held sufficient.**

In an action on a life policy, pleas alleging that statements in the application, which was made a part of the contract, were false, that they were material to the risk or the hazard assumed, and that they were made with intent to deceive, raised issues of fact, and it was not necessary to set out the evidence in their support.

At law. Action by Matilda Caffee against the Employers' Liability Assurance Corporation, Limited, of London, England. On demurrers to pleas. Overruled.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Don Register, of Winter Haven, Fla., for plaintiff.

Knight & Adair, of Jacksonville, Fla., for defendant.

CALL, District Judge. The 12 pleas demurred to are based upon the fifteenth, sixteenth, and eighteenth statements by the insured in the application for the policy sued on. This application is made a part of the policy and contains this provision:

"I understand and agree that the right to recovery under any policy which may be issued upon the basis of this application shall be barred in the event that any one of the following statements material either to the acceptance of the risk of the hazard assumed by the corporation is false, or in the event that any one of the following statements is false and made with intent to deceive."

The fifteenth statement is as follows:

"I have never had, nor am I subject to, fits or paralysis, disorders of the brain, or any bodily or mental infirmity."

The sixteenth:

"My habits of life are correct and temperate, and I am in sound condition mentally and physically."

The eighteenth:

"I have not now, nor have I had during the past year, any local or constitutional disease."

The fourth, seventh, and tenth pleas are based on the fifteenth statement.

The fifth, eighth, and eleventh pleas are based on the sixteenth statement.

The sixth, ninth, twelfth, tenth-A, eleventh-A, and twelfth-A are based on the eighteenth statement.

The fourth, seventh, and tenth pleas allege that the statement "had never had, nor was he subject to, any bodily or mental infirmity," was false, in that the insured was then suffering from a diseased condition of the heart.

The fifth, eighth, and eleventh pleas allege that the statement that the insured "was in sound condition mentally and physically" was false for the same reason as above.

The sixth, ninth, twelfth, tenth-A, eleventh-A, and twelfth-A, allege that the statement by the insured that he "did not then have, nor had he during the past year, any local or constitutional disease," was false for the same reason as above.

The fourth, fifth, sixth, seventh, and tenth-A pleas allege that this statement was material to the risk assumed.

The eighth, ninth, and eleventh-A pleas allege that such statements were material to the hazard assumed.

The tenth, eleventh, twelfth, and twelfth-A allege that said statements were false and made with intent to deceive.

There are a number of grounds of demurrer to each of the pleas.

The plaintiff insists that the pleas are not full enough; that the allegation that said statement was material to the risk or hazard assumed is not sufficient; that the plea should go further, and state the progress

of the disease of the heart, so that it would be apparent to the court that such diseased condition was material to the risk assumed, or the hazard assumed, as the case might be. As to the pleas alleging that the statement was false, and made with the intention to deceive, they should contain such allegations as would show the statements were material to the risk or the hazard assumed, as well as that they were false and made with the intention to deceive.

The pleas alleging that the statements were false allege that said statements were material either to the risk or hazard assumed. The question on these pleas is therefore whether such statement is sufficient, or should the pleas go further and state facts from which the court could say that such statement was material as a matter of law. In my view, the materiality of the statements is a matter of fact, to be established by the proofs at the trial. The materiality is the ultimate fact to be established at the trial. It is good pleading to state the ultimate fact, and not the proofs by which the ultimate fact is to be established. A diseased heart may or may not be material to the risk, or the hazard assumed to be shown by the evidence. The court would be in no better position to pass upon this question if the pleas should state fully the progress of the disease.

In regard to the pleas alleging that the statements were made with the intention to deceive, it is only necessary to consider the language of the application for the policy. A false statement in regard to health of the insured made for the purpose to deceive the insurer is made by the contract entered into by the parties, a bar to recovery upon said contract. The parties make their contract; the court simply construes it, seeking in said construction to arrive at the intent of the parties from the language employed.

In my judgment the demurrers should be overruled. It will be so ordered.